UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

----------------------------------------------------------

                                           :

TOMIKA JONES-McFARLANE,         :        CASE NO. 1:17 CV 507

                                           :

              Plaintiff,          :

                                           :

vs.                                :        OPINION & ORDER

                                         :

TRU GREEN CORPORATION/          :

CHEM LAWN,                   :

                                         :

              Defendant.       :

                                         :

----------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* plaintiff Tomika Jones-McFarlane has filed this *in forma pauperis* civil action

against TruGreen Corporation/Chem Lawn ("defendant" or TruGreen") pursuant to 42 U.S.C.

§1983 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*

Her complaint consists of an alphabetical list of grievances regarding her employment at

TruGreen.  Among her complaints, she alleges she was treated "like a piece of meat by the men

working at the branch location"; "assaulted by Sara Roger who was having an affair with our

boss"; continuously written up and assaulted for having her computer turned off and for other

conduct; refused accommodations in order to do "her more effectively and efficiently,"

including being made to work in the rain even though "part of the accommodations" she

requested was not to work outside; fired "when [her] coworker Dylan hardly ever sold anything

for weeks"; and "[n]ot allowed to take a lunch or break when our shifts was 10-12 hours a day."

(Doc. No. 1, Complt., ¶¶ A-Q.)  Also among her complaints are her assertions she was told that

she was a "token" African American employee, and that some in the office refused to drink

coffee from the same pot as her or work with her "because black people stink." (Complt., ¶¶ E, N.)

Following her list of grievances, the plaintiff asserts "Wrongful Termination" (*id*. at ¶Q) and prays for $1.7 million in damages.

**Standard of Review**

Although *pro se* pleadings are generally liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* plaintiffs are not automatically entitled to take every case to trial. *Pro se* plaintiffs must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are required, under 28 U.S.C. §1915(e)(2)(B), to screen all *in forma pauperis* actions, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin,* 630 F.3d 468, 470 (6th Cir. 2010). A complaint fails to state a claim on which relief may be granted when it lacks "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 470-71 (holding "that the dismissal standard articulated in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] and [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] governs dismissals for failure to state a claim" under §1915(e)(2)(B)).

**Analysis**

Upon review, the Court finds that the plaintiff's complaint must be dismissed pursuant to

-2-

§1915(e)(2)(B) because, even liberally construed, it fails to allege a plausible federal claim under either Title VII or §1983.

To state a claim under §1983, a plaintiff must plead and prove that she was deprived of a right secured by the Constitution or laws of the United States by a person acting "under color of state law." *See Waters v. City of Morristown*, 242 F.3d 353, 359-60 (6th Cir. 2001). The plaintiff's complaint on its face fails to allege a plausible §1983 claim. No constitutional violation is alleged, nor are any facts suggesting that the defendant is a state actor. *See Bell v. Management & Training Corp.*, 122 F. App'x 219, 222 (6th Cir. 2005) (private employers are not state actors under §1983 unless their actions can be fairly attributable to the state).

The plaintiff has also failed to allege a plausible Title VII claim. Title VII provides that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In order to establish a *prima facie* case, a plaintiff must allege facts showing she is a member or a protected class; suffered an adverse employment action; was qualified for the position; and that a similarly-situated person outside of the protected class was treated more favorably than she was. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010) Conclusory allegations of discrimination are insufficient to state a Title VII claim. *Tucker v. Victor Gelb, Inc.*, 194 F.3d 1314, 1999 WL 801544 (6th Cir. 1999).

The plaintiff's list of grievances fails to satisfy *prima facie* requirements. Her allegations are either conclusory, or do not support any plausible inference that she suffered an

adverse employment action *because of* a characteristic protected by Title VII.

Even if her allegations were sufficient to suggest a *prima facie* case, her Title VII claim is nonetheless subject to dismissal because she has not shown she exhausted her administrative remedies prior to filing suit. A plaintiff fails to state a claim under Title VII where "the record does not conclusively show that [the plaintiff] exhausted her administrative remedies prior to filing her complaint in federal court." *Tucker,*1999 WL 801544, at \*1. "In order to satisfy the prerequisites to an employment discrimination action, a claimant must: 1) file a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC); and 2) receive and act upon the EEOC's notice of right to sue." *Id*.

The plaintiff alleges she "tried to call . . . YOU TALK WE LISTEN" (Complt., ¶3), but she does not allege or demonstrate she pursued a charge of discrimination with the EEOC and received a right to sue letter as is prerequisite to a filing a Title VII lawsuit. Accordingly, her Title VII claim must be dismissed pursuant to §1915(e)(2)(B). *See Tucker* (upholding summary dismissal).

### Conclusion

Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and for the reasons stated above, this action is dismissed pursuant to 28 U.S.C.§1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: June 3, 2017          *s/     James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE